## COLBY *vs.* RUSSELL & AL.

Where a private statute required the assessors of a corporation to " make perfect
" lists of assessments *under their hands,* and commit the same to the collector,
" with a warrant under their hands and seals;"—it was holden that the signing
of the *warrant,* though it were on a leaf of the same book which contained the
assessment, was no signing of the *assessment,* and that without a separate signa-
ture the assessment was imperfect and invalid.

In this action, which was trespass *vi et armis* against the asses-
sors of the Proprietors of the *Fryeburg* Canal, the only question
raised was upon the validity of their assessment of a tax upon the
plaintiff as one of the corporation, under a private statute passed
*June* 19, 1819. This act required them to " make perfect lists
" of their assessments, *under their hands,* or the hands of a major
" part of them, and commit the same to the collector of said
" corporation, *with a warrant under their hands and seals,* in the form
" herein after directed; and the said *assessment shall be recorded*
" by the clerk," &c. The assessment in question was not signed
by either of the assessors, but in the same paper book which con-
tained it there was a warrant under the hands and seals of the
assessors, requiring the collector, among other things, to " *levy*
" *and collect the tax in the list herewith committed*" to him.

The Chief Justice, before whom the cause was tried, being of
opinion that the assessment was fatally defective in not being
*signed by the assessors,* directed a verdict for the plaintiff, subject
to the opinion of the whole Court.

*Fessenden,* for the defendants, at the last term, contended that
the signing of the warrant, it being at the end of the same book,
and on the same sheet, was a sufficient signing of the assessment,
and that the law was substantially complied with. The assessors
might have incorporated the tax into the body of the warrant, and
it would have been good. It is enough if the assessment is de-
clared to be such, under their hands; for the only object of this
particular provision is to lay the foundation of an appeal for any
one who is overrated. The cases respecting the signature of
wills, and notes of hand proceed on the same principle. *Peake's*

*Evid.* 361.    *Hunt v. Adams* 5 *Mass.* 358.    *White v. Howland* 9 *Mass.* 314.    *Moies v. Bird* 11 *Mass.* 436.

*Longfellow*, for the plaintiff.

MELLEN, C. J. at another day in the same term, delivered the opinion of the Court as follows.

The language of the statute upon which the present question is raised, seems very plain and intelligible. The *assessment* is to be *under the hands* of the assessors,—and the *warrant* under their *hands and seals.* This certainly requires that *each* should bear on its face the evidence of its official sanction,—each being an independent act. The *assessment* must be recorded. The *warrant* need not be. This also shews that the assessment must of itself, and without aid from any other document, be a complete act of the assessors. Would the act be complied with, or any of the contemplated advantages of a recorded assessment be realized, by recording one not signed by the assessors, nor bearing any one stamp of authority, but being a mere unfinished proceeding? Reason and good sense oppose the idea, as clearly as the language of the section in question.

It has been urged also that the circumstance of the assessment and the warrant being both in the same paper book, and the reference in the warrant to the assessment, will render it valid. An answer to this argument is, that the warrant does not refer to the assessment as *annexed* to it, but as *herewith delivered.* There is therefore no certainty that it referred to the one before us. Another objection to the defendant's argument, and which seems to be satisfactory, is this ;—the assessors are not authorized to make out a warrant to collect a tax, till it has been legally assessed. The act requires the assessors to make the assessment *under their hands,* and to commit *the same* to the collector, *with a warrant.* The acts to be performed are successive and distinct ; and both must, of themselves, be complete. The case of a submission of demands before a Justice of the Peace, pursuant to the *Stat.* 1821, *ch.* 77, is somewhat analogous to the case before us. By that statute the person claiming damages must

make out his demand, in the form of a particular statement against the alleged debtor or delinquent, and *sign the same* ; and then lodge it with a Justice of the Peace, who is to make out an agreement of submission to the referees agreed on by the parties, which agreement is also to be signed by them, and acknowledged before the Justice. Here, both the demand and the agreement must be signed. Many reports of referees have been rejected, and judgments upon reports reversed on error, because the *demand* was not signed, as well as the *agreement of submission.* The latter signing has never been considered as virtually applying to and sanctioning the former. We are all of opinion that the assessment is imperfect and invalid.

*Judgment on the verdict.*